**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

FOREVER WELL INTERNATIONAL   )
INVESTMENT LIMITED,          )
                             )
          Plaintiff,         )
                             )          Case No.: _____
v.                           )
                             )
IMPORT WAREHOUSING           )
SOLUTIONS LLC,               )
                             )
          Defendants.        )
                             )

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

COMES NOW Petitioner Forever Well International Investment Limited ("Petitioner") and respectfully submits this Petition to Confirm a Foreign Arbitral Award pursuant to the Federal Arbitration Act ("FAA"), specifically Chapter 2, 9 U.S.C. § 201 *et seq.*, which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), to confirm a final arbitration award issued by the China International Economic and Trade Arbitration Commission in Case [2025] Zhong Guo Mao Zhong Jing Cai No. 2580 against Respondent Import Warehousing Solutions LLC ("Respondent"). In support of this Petition, Petitioner states as follows:

1

## PARTIES

1.　　Petitioner Forever Well International Investment Limited is a Chinese company with its principal place of business at Room 2105, JN628, Trend Centre, 29-31 Cheung Lee Street, Chai Wan, Hong Kong China. Petitioner's main business includes sale of artificial turf and other products.

2.　　Respondent Import Warehousing Solutions LLC is a Georgia limited liability company with its principal place of business at 5551 Hwy 511 N, Chatsworth, GA, 30705. Respondent can be served with process via its registered agent Jeffrey Dean, located at 1416 Dug Gap Rd, Dalton, GA, 30720.

## JURISDICTION AND VENUE

3.　　This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203, which provides federal jurisdiction over actions and proceedings falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), without regard to the amount in controversy. Both the United States of American and the People's Republic of China (including the Hong Kong Special Administrative Region of the People's Republic of China) are signatories of the New York Convention.

4.　　Personal jurisdiction is proper because Respondent's principal place of business is in Chatsworth, Georgia, and therefore subject to the general jurisdiction of this Court.

5.      Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1), because Respondent resides in this judicial district.

## FACTUAL BACKGROUND

6.      Petitioner is one of Respondent's suppliers, providing artificial turf and other products.

7.      From January 6, 2023, to May 11, 2023, Petitioner and Respondent entered six sales contracts (the "Sales Contracts").

8.      Respondent placed multiple purchase orders with Petitioner pursuant to the Sales Contracts. However, Respondent failed to pay for certain goods delivered by Petitioner between February and July 2023.

### *The Arbitration Agreement*

9.      Each of the Sales Contracts contains the following arbitration clause:

> Any dispute arising from or in connection with this contract shall be submitted to China International Economic and Trade Arbitration Commission (CIETAC) for arbitration which shall be conducted in accordance with the CIETAC'S arbitration rules in effect at the time of applying for arbitration. The Seller and the Buyer agree to apply to the law of THE PEOPLE'S REPUBLIC OF CHINA and hold the arbitration in BEIJING, CHINA. The arbitral award is final and binding upon both parties.

(Sales Contracts, Section 17).

### *The Arbitration Proceedings and Award*

10.      Pursuant to Section 17 of each of the Sales Contracts, Petitioner initiated arbitration under the CIETAC Rules in Case No. [2025] Zhong Guo Mao

3

Zhong Jing Cai No. 2580 in Beijing, China. A true and correct copy of each Sales Contract is attached as an exhibit to the Declaration of Haitao Wang, attached as Exhibit A (hereinafter, "Wang Decl."), at ¶ 2 and Ex. 1 thereto.

11.     A hearing in the arbitration was held on March 25, 2025, with the place of arbitration being Beijing, China. Petitioner was present at the hearing. Respondent did not appear.

12.     Petitioner subsequently provided the Tribunal with multiple post-hearing submissions.

13.     Respondent did not submit any document or written materials nor present any defense in the due proceedings.

14.     On October 15, 2025, the Tribunal issued a final award ("Award") in favor of Petitioner (Wang Decl., ¶ 3 and Ex. 2 thereto). The Award provides:

(I)     The Respondent shall make the payment for goods in the amount of USD 735,913.14 to the Claimant;

(II)    The Respondent shall pay the liquidated damages for overdue payment to the Claimant as follows:
- Calculate based on USD 71,250.00 at an annual interest rate of 5% from May 23, 2023 to the actual payment date;
- Calculate based on USD 9,416.06 at an annual interest rate of 5% from May 22, 2023 to the actual payment date;
- Calculate based on USD 65,625.00 at an annual interest rate of 5% from May 26, 2023 to the actual payment date;
- Calculate based on USD 68,000.31 at an annual interest rate of 5% from May 25, 2023 to the actual payment date;
- Calculate based on USD 76,983.94 at an annual interest rate of 5% from May 25, 2023 to the actual payment date;
- Calculate based on USD 69,000.00 at an annual interest rate

4

> of 5% from May 29, 2023 to the actual payment date;
> - Calculate based on USD 98,935.04 at an annual interest rate of 5% from May 29, 2023 to the actual payment date;
> - Calculate based on USD 66,017.72 at an annual interest rate of 5% from June 13, 2023 to the actual payment date;
> - Calculate based on USD 67,080.07 at an annual interest rate of 5% from June 16, 2023 to the actual payment date;
> - Calculate based on USD 63,795.00 at an annual interest rate of 5% from May 29, 2023 to the actual payment date;
> - Calculate based on USD 76,260.00 at an annual interest rate of 5% from May 24, 2023 to the actual payment date;
> - Calculate based on USD 3,550.00 at an annual interest rate of 5% from August 25, 2023 to the actual payment date.
>
> (III)  The Respondent shall pay the Claimant the attorney fees of RMB 100,000;
> (IV)  Deny other arbitration claims of the Claimant;
> (V)  The arbitration fees of this case are USD 29,803, which shall be fully undertaken by the Respondent. In view of that the above arbitration fees have been fully offset against the advance payment for arbitration paid by the Claimant paid to the ARBITRATION COMMISSION, the Respondent shall pay the Claimant USD 29,803 directly to compensate the Claimant for the arbitration fees paid on the Respondent's behalf.

(Award, p. 22–23).

15.   Payment of the Award was ordered within thirty (30) days of the Award.

16.   As of the date of this filing, Respondent has not sought to challenge the Award. As of the date of this filing, Respondent has not paid the Award.

17.   The FAA provides that a district court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

5

18.    None of the grounds for refusal or deferral of recognition or enforcement under Article V of the New York Convention applies in this case. Petitioner is therefore entitled to an order confirming the Award and entering judgment against the Respondent for the specified amounts, together with interest as allowed by law.

## REQUEST FOR RELIEF

19.    The Award is final and binding upon Respondent, and it has not been set aside, suspended, modified, or appealed.

20.    The Award is entitled to confirmation under the terms of the New York Convention and 9 U.S.C. § 201 *et seq*.

21.    Petitioner is entitled to the principal amounts, plus interest (where provided), as set forth by the Tribunal in the Award.

WHEREFORE, Petitioner respectfully requests this Court (1) enter an order confirming the Award, granting Petitioner post-judgment interest pursuant to 28 U.S.C. § 1961(a), from the date of entry of judgment until payment in full, and awarding Petitioner recovery of its legal fees and costs incurred in connection with this proceeding to the extent permitted by federal law or the applicable arbitral award; (2) enter judgment consistent with the Award and this Court's order; (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of July, 2026.

6

**THE SANDIFER LAW FIRM, LLC**

*/s/ John W. Sandifer*
John W. Sandifer
Georgia Bar No. 626026
Email:  jsandifer@sandifer-law.com
125 Clairemont Avenue, Suite 420
Decatur, Georgia 30030
Telephone: (404) 995-9000
Facsimile:  (404) 995-9100

*Counsel for Forever Well International Investment Limited*

7

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing document was prepared using 14-point Times New Roman font.

By: */s/ John W. Sandifer*
John W. Sandifer, Esq.